IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LULA NEGASH MOHAMED, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. ADC-23-1857 |
| UNITED STATES DEPARTMENT OF STATE, *et al.* | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OPINION**

Defendants, the United States Department of State, the U.S. Embassy in Abu Dhabi, United Arab Emirates, Antony Blinken, and Sean Murphy ("the Defendants"), move this Court to dismiss the Complaint filed against them for lack of jurisdiction and failure to state a claim, or, in the alternative, move the Court for summary judgment.[1] ECF No. 23. Plaintiffs Lula Negash Mohamed, Abdulwasie Mohammed Nur Beyan, Hafia Abdulwasie Mohammed Nur, H.A.M.N, Khaled Abdulwasie Mohammed Nur, and A.A.M.N, ("the Plaintiffs") responded in opposition, and also move the Court for summary judgment in the alternative. ECF No. 24. After considering all parties' Motions and the responses thereto (ECF Nos. 23–25), the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2023). For the reasons stated herein, Defendants' Motion is GRANTED.

[1] On July 12, 2023, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with Standing Order 2019-07. ECF No. 3. All parties voluntarily consented in accordance with 28 U.S.C. § 636(c). ECF No. 11.

**Factual and Procedural Background**

The following facts are derived from Plaintiffs' Complaint and are taken as true for the purposes of evaluating Defendants' Motion. The Plaintiffs are citizens of Eritrea and are currently located in Abu Dhabi, United Arab Emirates. ECF Nos. 1, 14. On March 12, 2018, Plaintiff Lula Neghash Mohamed filed an I-526 Petition for her and Abdulwasie Mohammed Nur Beyan, Hafia Abdulwasie Mohammed Nur, H.A.M.N, Khaled Abdulwasie Mohammed Nur, and A.A.M.N, as immediate family derivative beneficiaries, with the U.S. Citizenship and Immigration Services (USCIS), an agency of the U.S. Department of Homeland Security. *Id.* at ¶ 9. Plaintiffs seek to come to the United States to invest in a company located in Bethesda, Maryland. *Id.* at ¶ 10. Plaintiffs paid, and Defendants accepted, all applicable filing and visa fees. *Id.* at ¶ 11. USCIS approved Plaintiff's I-526 Petition on July 30, 2020, and the case was sent to the National Visa Center, a part of the U.S. Department of State. *Id.* at ¶ 13. The National Visa Center completed its processing of the case and sent it to the U.S. Embassy in Abu Dhabi for an interview. At the present, the interview in Plaintiffs' case is still pending. *Id.* at ¶ 15.

Plaintiffs brought this suit to compel action on the pending visa application and to compel the government to schedule an interview. ECF No. 1. On July 11, 2023, Plaintiffs filed the Complaint, alleging that agency action processing their visa applications had been unlawfully withheld and that Defendants' delay and failure to act in processing the applications violated Plaintiffs' due process rights. *Id.* On April 5, 2024, Defendants filed the present Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim, or in the alternative, Motion for Summary Judgment. ECF No. 23. Plaintiffs filed their Response in Opposition on April 18, 2024 (ECF No. 24), and Defendants filed their Reply on May 2, 2024. ECF No. 25.

## DISCUSSION

**Standard of Review**

A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction raises the question of whether the Court has the competence or authority to hear and decide a particular case. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 299 (D. Md. 2005). "Motions to dismiss for lack of subject matter jurisdiction are properly granted where a claim fails to allege facts upon which the court may base jurisdiction." *Evans v. American Collection Enterprise*, 624 F.Supp.3d. 593, 597 (D.Md. 2022) (quoting *Davis*, 367 F. Supp. 2d at 799). Therefore, "[w]hen considering a motion to dismiss challenging a plaintiff's standing to bring suit in federal court, 'the court determines whether the allegations in the Complaint, taken as true, are sufficient to establish standing under the plausibility standard of Rule 12(b)(6) and *Iqbal/Twombly*.'" *Id.* (quoting *Allah-Mensah v. Law Office of Patrick M. Connelly, P.C.*, Civ. No. PX-16-1053, 2016 WL 6803775, at *2 (D. Md. Nov. 17, 2016). Plaintiff bears the burden of establishing the Court's subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). When a defendant challenges subject-matter jurisdiction, the Court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (quoting *Richmond, Fredericksburg & Potomac R. Co.*, 945 F.2d 765, 768 (4th Cir. 1991)).

A Rule 12(b)(6) motion "tests the sufficiency of the claims pled in a complaint." *Nadendla v. WakeMed*, 24 F.4th 299, 304 (4th Cir. 2022) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019). Its purpose is not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).

Rather, "[a] Rule 12(b)(6) motion constitutes an assertion by the defendant that, even if the facts alleged by the plaintiff are true, the complaint fails as a matter of law 'to state a claim upon which relief can be granted.'" *Gaines v. Baltimore Police Dep't*, No. ELH-21-1211, 2023 WL 2185779, at *7 (D.Md. 2023) (quoting Fed. R. Civ. P. 12(b)(6)).

Upon reviewing a motion to dismiss, the Court accepts "all well-pleaded allegations as true and construe[s] the facts in the light most favorable to the plaintiffs." *In re Willis Towers Watson plc Proxy Litig.*, 937 F.3d 297, 302 (4th Cir. 2019) (citations omitted). However, it does not accept as true legal conclusions couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when Plaintiff "pleads factual content that allows the court to draw the reasonable inference that [Defendant] is liable for the misconduct alleged." *Id.* An inference of a "mere possibility of misconduct" is not sufficient to support a plausible claim. *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Defendants have styled their motion as a Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment. ECF No. 23. A motion styled in this manner implicates the court's discretion under Rule 12(d). *See Kensington Vol. Fire Dept., Inc. v. Montgomery County,* 788 F.Supp.2d 431, 436–37 (D.Md.2011), *aff'd* 684 F.3d 462 (4th Cir. 2012). The Court declines to exercise its jurisdiction to construe the Motion as one for summary judgment, and will construe the Motion as a Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim. *See* ECF No. 23.

**Analysis**

*Motion to Dismiss for Lack of Jurisdiction*

Defendants argue that the Court lacks subject matter jurisdiction over Plaintiffs' Complaint because Plaintiffs are not entitled to relief under the Mandamus Act. ECF No. 23-1. Defendants further allege that the Court lacks subject matter jurisdiction through the APA, because the APA precludes judicial review if the agency action is committed to agency discretion by law. *Id.* Plaintiffs' assert that the Court has jurisdiction under both the Mandamus Act and the APA. ECF No. 24.

The Mandamus Act vests district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is an "extraordinary remedy" which "will issue only to compel the performance of a clear nondiscretionary duty," and only after a plaintiff has exhausted all other avenues of relief. *Pittson Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)); *see also Tawah v. Mayorkas*, No. 8:23-cv-02920-TJS, 2024 WL 2155060, at *2 (D.Md. May 14, 2024). "The party seeking mandamus relief bears the heavy burden to show that (1) the petitioner has a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available." *Tawah*, 2024 WL 2155060 at *2; *see also Asare v. Ferro*, 999 F. Supp. 657, 659 (D.Md. 1998). Critically, "[m]andamus can be used only to compel ministerial acts of federal government officers, not discretionary duties." *Id.* In this context, "[a] ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment." *Meyers v. U.S. Dist. Ct. for the Dist. of Md. Baltimore Div.*, No. DKC-23-3015, 2024 WL 493268, at *2 (D.Md. Feb. 8, 2024).

Similarly, the APA precludes judicial review of an agency action if the action in question is one that is committed to agency discretion by law. 5 U.S.C. § 701(a); *see Gonzalez v. Cuccinelli*, 985 F.3d 357, 366 (4th Cir. 2021) ("[W]here an agency is *not required* to do something, [the Court] cannot compel the agency to act—let alone to act faster." (emphasis in original)). To invoke this Court's jurisdiction, a party seeking review of an action must point to a provision within the APA that authorizes judicial review of the relevant agency's action. *NAACP v. Bureau of the Census*, 945 F.3d 183, 191 (4th Cir. 2019) (holding that failing to identify agency actions eligible for review under the APA is a "jurisdictional defect"); *Lee v. USCIS*, 592 F.3d 612, 618–19 (4th Cir. 2010) (affirming dismissal for lack of jurisdiction because the agency action was not eligible for review under the APA).

Pertinent to the case at hand, courts within the Fourth Circuit have recently held that there is no clear, nondiscretionary duty for the Department of State to schedule any particular non-citizens for visa interviews. *See Mueller v. Blinken*, 682 F. Supp.3d 528, 534 (E.D. Va. 2023); *see also Ali v. United States Dep't of State*, 676 F. Supp. 3d 460, 466, 470 (E.D.N.C. 2023) (holding that neither 8 U.S.C. § 1202(b) or 5 U.S.C. § 555(b) "create[d] specific, nondiscretionary duties" to support Mandamus Act and APA claims seeking an order compelling the Department to schedule a visa interview.). Plaintiffs do not address these recent holdings or explain why this Court should diverge from their well-reasoned conclusions. Accordingly, as Plaintiffs have not met their burden in identifying any statute or regulation establishing a non-discretionary duty for the Department of State to schedule their interview, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' mandamus and APA claims for lack of subject matter jurisdiction.

*Motion to Dismiss for Failure to State a Claim*

Even if Plaintiffs had established that the Department of State has a non-discretionary duty to act on their visa applications, they have not shown that the Department's action has been "unreasonably delayed." 5 U.S.C. § 706(1); *see also Mueller*, 682 F.Supp.3d at 537. To assess whether agency action has been "unreasonably delayed," courts examine the factors described in *Telecommunications Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 80 (D.C. Cir. 1984)—"the TRAC factors." The TRAC factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed'.

*Telecommunications Rsch. & Action Ctr.*, 750 F.2d at 80; *Mueller*, 682 F.Supp.3d at 537.

Here, Plaintiffs have not shown that Defendants' delay in scheduling their visa interviews is unreasonable under TRAC.

*First and Second TRAC Factors*

The first two factors "focus on the reasonableness of the delay and whether Congress has set a timeline for the completion of the action in question." *Begum v. United States Department of Defense*, No. 1:22-cv-00478-JMC, 2022 WL 16575703, at *7, (D.Md. Oct. 31, 2022). Plaintiffs have not cited any recent Fourth Circuit caselaw to support their argument that "many courts" have "found similar delays unreasonable." ECF No. 24 at 12. Secondly, "[t]here is no statutory or regulatory timeline that provides a 'rule of reason' to govern the State Department's adjudication of a visa application." *Id.*

(quoting *Ahmed*, 2022 WL 424967, at *5, (D.D.C. Feb. 11, 2022). Rather than set any statutory guideline for the processing of visas, "Congress has given the agencies wide discretion in the area of immigration processing." *Alshawy v. U.S. Citizenship and Immigration Services*, No. 21-cv-893-APM, 2022 WL 970883, at *5 (D.D.C Mar. 30, 2022) ("Congress granted the State Department the authority to process visa applications in broad terms, specifically omitting 'substantive standards against which the Secretary's determination could be measured.'" *Id.* (quoting *Legal Assistance for Vietnamese Asylum Seekers v. U.S. Dep't of State*, 104 F.3d 1349, 1353 (D.C. Cir. 1997)); *see also Begum*, 2022 WL 16575703, at *6. TRAC factors one and two favor Defendants.

*Third and Fifth TRAC Factors*

The third and fifth factors consider whether "human health and welfare are at stake…and the nature and extent of the interests prejudiced by delay." *TRAC*, 750 F.2d at 80; *Begum*, 2022 WL 16575703, at *9. Plaintiffs contend that Defendants' actions have "irrevocably harmed Plaintiffs by causing tremendous stress and hardship" and prevented them "from coming to the U.S. in order to fulfill the purpose of the investor visa." ECF No. 1, ¶ 29. While sympathetic, and certainly laudable that Plaintiffs wish to invest in the U.S. economy, these circumstances are not extraordinary. "[M]any others face similarly difficult circumstances as they await adjudication of their visa applications." *Dehghanighanatghestani v. Mesquita*, Civ. A. No. 22-2595 (CKK), 2022 WL 4379061, at *7 (D.D.C. Sept. 22, 2022). Indeed, Plaintiffs' interest in prompt processing is shared by "many others facing similar circumstances….[c]atapulting [one petitioner] to the front of the line 'direct[s] resources away from the adjudications that the State Department has identified as more urgent.'" *Dastagir v. Blinken*, 557 F.Supp.3d 160, 168 (D.D.C 2021) (internal citations omitted); *see also Ali*, 676 F. Supp. 3d at 472 ("The court acknowledges these difficulties, but the court also recognizes the many other individuals awaiting decisions on their visa cases."). Factors three and five favor Defendants.

*Fourth TRAC Factor*

The fourth factor "considers how a court order in Plaintiff's favor would shift existing agency priorities." *Begum*, 2022 WL 16575703, at *8 (quoting *Ahmed*, 2022 WL 424967, at *6). "Courts have generally found that the fourth factor favors the Department of State because 'resource-allocation decisions simply do not lend themselves to judicial reordering of agency priorities.'" *Mueller*, 2023 WL 4759245, at *7 (citations omitted). The National Visa Center "schedules appointments in the chronological order of the documentarily complete cases." *Ali*, 676 F. Supp. 3d at 466. While waiting for visa interviews may delay Plaintiffs' stated interest in investing in the U.S. economy, moving Plaintiffs "to the front of the line" would only undermine agency priorities by shifting the burden to other applicants who applications were documentarily complete before Plaintiffs. Factor four favors Defendants.

*Sixth TRAC Factor*

The sixth factor "simply reminds courts that they need not find any impropriety...to hold that agency action is unreasonably delayed." *Mueller*, 682 F.Supp.3d at 537. (citations omitted). Although impropriety is not necessary to the analysis, there is no evidence of impropriety in this case. Plaintiffs cannot identify any intentional, bad faith actions by the Defendants in delaying the adjudication. Factor six is neutral.

Therefore, because the six TRAC factors weigh heavily in favor of Defendants, dismissal would be appropriate even if the Court had found that it could properly exercise subject matter jurisdiction over the case.

*Due Process Claims*

Plaintiffs also argue that their rights to due process of law under the Fifth Amendment have been violated by the "combined delay and failure to act by Defendants." ECF No. 1 at ¶ 28. However, "[p]arties claiming denial of due process in immigration cases must, in order to prevail,

'allege some cognizable prejudice fairly attributable to the challenged process.'" *Garcia–Villega v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (*quoting Lattab v. Ashcroft*, 384 F. 3d 8, 20 (1st Cir. 2004)). "[P]rocedural delays, such as routine processing delays, do not deprive aliens of a substantive liberty or property interest unless the aliens have a 'legitimate claim of entitlement' to have their applications adjudicated within a specified time." *Mendez–Garcia v. Lynch*, 840 F. 3d 655, 666 (9th Cir. 2016). Moreover, there is no property right attached to an unissued immigration visa, "[a]nd noncitizens typically do not have a 'constitutionally protected interest in the procedures by which…visas are obtained.'" *Ali*, 676 F. Supp. 3d at 472 (quoting *Smirnov v. Clinton*, 806 F. Supp. 2d 1, 12 (D.D.C. 2011)). Therefore, because Plaintiffs' due process claims lack merit, dismissal would be appropriate even if the Court had subject matter jurisdiction.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, Defendant's Motion (ECF No. 23) is GRANTED. A separate Order will follow.

Date: 31 May 2024

A. David Copperthite
United States Magistrate Judge